ELIAS EREON, Plaintiff, *v.* NIAGARA STEEL FINISHING CO., INC., Defendant.

(Supreme Court, Niagara Equity Term, July, 1917.)

Injunctions — when granted — damages — nuisance.

The building upon certain premises owned and occupied by plaintiff for nearly thirty years was and is used as a dwelling, a portion of the ground floor being a saloon. About 150 feet east of said premises is the property of a railroad with twenty parallel railroad tracks, constituting assembling and distributing yards for the handling of cars, making up of trains etc. In 1913, defendant acquired premises adjoining the railroad property and erected thereon a one-story building for the manufacturing of iron and steel products requiring the riveting together of bar and sheet iron and steel, and three years later made a corrugated addition on the west side of the factory building. Automatic riveters are used which in operation make continuous and rapid strokes on metal, and hand hammers and sledges are also necessarily employed in the making of defendant's products. At times this work is done far into the night and on account of the rush of business the work was done out-

side of the factory upon the lot and in the street adjoining.
*Held,* that plaintiff was entitled to occupy and enjoy his prop-
erty without unnecessary interference occasioned by the new
order of things and in an action to restrain the operation of
defendant's plant as a nuisance will be granted an injunction
and damages.

Action to restrain a nuisance and for damages occasioned thereby.

George A. Orr, for plaintiff.

Moore & Killian, for defendant.

Pooley, J.   Plaintiff has owned and occupied since
1888 a frame building fronting Portage road, one of
the streets of Niagara Falls, N. Y.   The building was
and is used as a dwelling, a portion of the ground floor
being a saloon.   About one hundred and fifty feet to
the east of these premises is the property of the Erie
railroad with twenty parallel railroad tracks con-
stituting assembling and distributing yards for the
handling of cars, making up trains, etc.   In 1913 the
defendant acquired premises adjoining the Erie rail-
road property and erected a factory building for the
purpose of manufacturing iron and steel products
requiring the riveting together of bar and sheet iron
and steel.   The factory building is of brick, one story,
thirty by sixty feet.   In October, 1916, defendant
erected on the west side of the brick building an
addition, twenty by sixty-five feet, of corrugated iron.
Automatic riveters are used which in operation make
continuous and rapid strokes upon metal.   Hand
hammers and sledges are also necessarily employed
in the fabrication of defendant's products.   At times,

this work is done far into the night, and on account of a rush of business the work was done outside of the factory upon the lot and in the street adjoining.

The complaint is that these things constitute a nuisance in that (1) the work is done with doors and windows open, (2) the corrugated iron building intensifies the noise, (3) the work is done in the open street and adjoining lot, and (4) it is continued into the night; that these conditions are violative of plaintiff's property rights, that they disturb the peace and quiet to which the plaintiff is entitled. The defendant states that the corrugated iron building is temporary and is to be replaced by a brick building.

I think plaintiff has made out a case, and that the defendant should be enjoined from continuing in the four instances above named, because they are unnecessary. It is not the purpose to interfere with legitimate business; it should rather be aided and encouraged; but there are ways reasonably to avoid these unnecessary disturbances. The employment of more men during usual hours would obviate the necessity of night work, the erection of proper buildings with skylights, well known modern construction, would largely do away with the other objections.

It is true that the railroad necessarily makes considerable noise; that the coal yard near-by does also, where the coal is unloaded from cars and loaded into wagons by hand, over metal chutes. There are other manufacturing concerns in the immediate vicinity, all of which indicate that the territory is growing largely to business rather than residence purposes. But the plaintiff settled there before any of the factories existed there and he is entitled to occupy and enjoy his property without unnecessary interference occasioned by the new order of things.

The difficult question here is that of the damages.

I am not impressed by the expert testimony. Actual rentals are far more satisfactory, and I question whether the premises of the plaintiff have been seriously damaged. Additional trade comes from defendant's operatives, and if this territory is to continue the business and manufacturing trend, plaintiff's property might easily be worth far more in the future for manufacturing purposes than for the uses to which it is now put. This of course does not establish any rule, and is problematical, but experience indicates the possibilities.

The disturbance of the occupants of plaintiff's premises, especially at night, might well result in the necessity of moving out, and of tenants refusing to remain. This has not as yet occurred but there is testimony that it is threatened, in this or contiguous houses. The impairment of health is also an element to be considered, in view of the effect of these disturbances upon the nervous system. *Rosenheimer* v. *Standard Gas Light Co.,* 36 App. Div. 1; 39 id. 482.

Judgment is awarded plaintiff as above indicated and for damages $250, with costs.

Judgment accordingly.